NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK MONTENERO and ARLENE MONTENERO, his wife,<br><br>    Plaintiffs,<br><br>v.<br><br>MARRIOT HOTEL SERVICES, LLC, d/b/a JW MARRIOTT MARCO ISLAND BEACH RESORT; JOHN DOES 1-50, ABC CORPORATION 1-50, fictitious designations for unknown parties,<br><br>    Defendants. | Civil Action No.: 24-4226<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion to transfer venue filed by defendant Marriott Hotel Services, LLC d/b/a JW Marriott Marco Island Beach Resort ("Defendant") (ECF No. 2).[1] Plaintiffs Mark Montenero and Arlene Montenero ("Plaintiffs") filed an opposition (ECF No. 11) ("Opp.") to which Defendant responded (ECF No. 12) ("Reply").[2] The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

  **A. Factual History**

This case arises from a slip and fall. In April 2022, Plaintiffs—both residents of New Jersey—were staying at Defendant's resort in Marco Island, Florida. ECF No. 7 ("Cmpl.") ¶¶ 2-

---

[1] Defendant is named in the complaint as "Marriot Hotel Services, LLC," but the Court understands Defendant to be "Marriott Hotel Services, LLC." *See* ECF No. 2-3 ("Br.") at 1.
[2] Both parties include declarations in their briefing on the motion to transfer. Plaintiffs include a declaration of Mr. Montenero (ECF No. 11-1) ("Montenero Decl.") and Defendant includes a declaration of its Loss Prevention Manager, Victor Castro (ECF No. 2-6) ("Castro Decl.").

1

3, 11. At some point, Mr. Montenero decided to leave the resort's pool area and walk to the bathroom. *Id.* ¶¶ 12-13. During that walk, Mr. Montenero slipped and fell on a stretch of tile floor, sustaining a torn Achilles tendon and two broken toes. *Id.* ¶ 17; Montenero Decl. ¶ 14. Mr. Montenero claims the tile floor was "slippery" and devoid of warnings or proper maintenance, thus "creating a hazardous condition for guests." Cmpl. ¶ 16.

Mr. Montenero subsequently sued Defendant for negligence, seeking damages for his injuries and medical costs. *Id.* ¶¶ 18-24. Mrs. Montenero sued for loss of consortium, alleging loss of assistance and time with her husband. *Id.* ¶¶ 25-28.

### B. Procedural Background

On February 27, 2024, Plaintiffs filed their complaint in the Superior Court of New Jersey Law Division, Union County. ECF No. 1-3. On March 26, 2024, the case was removed by Defendant to this Court pursuant to 28 U.S.C. § 1332 and § 1446(a). ECF No. 1. On March 28, 2024, Defendant filed a motion to dismiss the action or, in the alternative, to transfer it to the Central District of Florida, which the Court understands to be a reference to the Middle District of Florida. ECF No. 2. Plaintiffs subsequently amended their complaint (ECF No. 7) ("Cmpl.") and served it on Defendant (ECF No. 10). In response to these actions, Defendant relinquished its motion to dismiss, but retained its motion to transfer venue. Reply at 3 n.1.

## II.   STANDARD OF REVIEW

A case may be transferred to a different venue under Section 1404(a) "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). The purpose of a transfer "is to avoid the waste of time, energy and money and, in addition, to safeguard litigants, witnesses and the public against avoidable inconvenience and expense." *Liggett Grp. Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 525 (D.N.J. 2000). The party seeking a transfer has

the burden of "establishing the need for a transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The determination of whether to transfer "falls in the sound discretion of the trial court." *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000).

A court must make two determinations when deciding whether to transfer. First, the court must ensure that the venue to which transfer is sought is "one where the action could have been brought originally," thus making it appropriate. *In re Consolidated Parlodel Litig.*, 22 F. Supp. 2d 320, 323 (D.N.J. 1999). Second, if venue is appropriate, the court must determine "whether transfer would be in the interest of justice and for the convenience of the parties and witnesses." *Santi v. Nat'l Bus. Recs. Mgmt., LLC*, 722 F. Supp. 2d 602, 606 (D.N.J. 2010). The Third Circuit has laid out several private and public interests, discussed herein, to consider when making this latter determination. *See Jumara v. State Farm Ins. Co*, 55 F.3d 873, 879 (3d Cir. 1995). In evaluating these factors, the analysis must be "flexible and individualized, based on the unique facts of each case." *Days Inn Worldwide, Inc. v. Ram Lodging, LLC*, No. 09-2275, 2010 WL 1540926, at *3 (D.N.J. Apr. 14, 2010). The court must ultimately determine whether "on balance" the case would proceed more conveniently, and the interest of justice be better served, in the transferee district. *Jumara*, 55 F.3d at 879.

**III.    DISCUSSION**

Defendant claims transfer is appropriate and would serve the interests of justice and convenience. Br. at 11. Defendant notes that Mr. Montenero's accident occurred in Florida and asserts that this is where most of the evidence and witnesses are located. Br. at 1. Defendant also argues that Florida has a greater interest in resolving the case and that trial should be held before a jury of its residents. *Id.* Plaintiffs respond that their choice of forum should be given deference,

that traveling to Florida would be inconvenient, and that their medical experts are located in New Jersey and New York. Opp. at 8-16.

Addressing these arguments below, the Court determines whether venue is appropriate in the Middle District of Florida and then weighs the relevant private and public factors to determine whether transfer of the action is warranted.

### A. The Middle District of Florida is an Appropriate Venue

The Middle District of Florida is an appropriate venue for this case under 28 U.S.C. § 1391(b), which governs venue determinations in diversity actions.[3] *Koeller v. Pilot Travel Centers, LLC*, No. 22-2270, 2023 WL 3250512, at *3 (D.N.J. May 4, 2023). Under Section 1391(b)(2), venue is appropriate where "a substantial part of the events or omissions giving rise to the claim occurred." Mr. Montenero's slip and fall and Defendant's alleged negligence both took place in Marco Island, Florida. *See* Cmpl. ¶¶ 11-17. These constitute at least a "substantial part" of the present claims, making venue appropriate in the Middle District of Florida. *See Koeller*, 2023 WL 32512 at *3 (finding site of trip and fall allegedly caused by defendant's negligence was appropriate venue under Section 1392(b)(2)); *Goldstein v. MGM Grand Hotel & Casino*, No. 15-4173, 2015 WL 9918414, at *2 (D.N.J. Nov. 5, 2015) (finding same for slip and fall).

### B. Transfer to the Middle District of Florida is in the Interests of Justice and Convenience

#### a. Private Interest Factors

The Court first considers the private interests of the parties and witnesses. These include:

---

[3] Here there is diversity jurisdiction. Plaintiffs are citizens of New Jersey and Defendant is a citizen of Delaware and Maryland. Cmpl. ¶¶ 2-3, 5. Additionally, Plaintiffs seek over $150,000 in damages, Cmpl. at 5, exceeding the $75,000 statutory threshold for jurisdiction, *see* 28 U.S.C. § 1332(a).

4

> (1) plaintiff's forum preference as manifested in the original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Danka Funding, LLC v. Page, Scranton, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 474 (D.N.J. 1998) (quoting *Jumara*, 55 F.3d at 879). Most of these factors favor transfer.

The first factor, Plaintiffs' forum choice, weighs minimally against transfer. "Although a plaintiff's venue preference is entitled to deference, courts give substantially less weight to the plaintiff's forum choice in personal injury actions when the dispute central to a lawsuit arose from events that occurred almost exclusively in another state." *Tennaro-Messina v. Marriott Int'l Inc.*, No. 23-20852, 2024 WL 3064895, at *3 (D.N.J. June 20, 2024) (internal citation omitted); *see Koeller v. Pilot Travel Ctrs., LLC*, No. 22-2270, 2023 WL 3250512, at *3 (D.N.J. May 4, 2023) ("[I]n personal injury cases, several courts in this circuit have not afforded significant deference to a plaintiff's choice of forum when the underlying accident occurred in a different state.") (collecting cases). Mr. Montenero's slip and fall and Defendant's alleged negligence both occurred in Florida, not Plaintiffs' chosen forum of New Jersey. Cmpl. ¶¶ 11-17. Because the operative facts in this personal injury dispute did not occur in the chosen forum state, Plaintiffs' choice is not given significant deference. As such, this factor weighs only minimally against transfer.

The second factor, Defendant's forum preference, weighs in favor of transfer because Defendant prefers to litigate in Florida.

The third factor, whether the claims arose elsewhere, also weighs in favor of transfer. Courts routinely find this factor favors transfer of personal injury actions to the district in which plaintiff's accident occurred, even if a plaintiff has received medical care elsewhere. *Koeller,* 2023 WL 3250512, at *4 ("[P]ersonal injury actions are commonly transferred to the site of injury despite post-event treatment in New Jersey."); *see Denmark v. Pilot Travel Ctrs., LLC*, No. 18-15028, 2019 WL 2353644, at *5 (D.N.J. June 4, 2019) (finding third factor "strongly favors South Carolina" because "the accident occurred in South Carolina" despite "medical care occur[ing] in South Carolina and New York"). Although Mr. Montenero later received medical care in New Jersey, Montenero Decl. ¶ 16, his accident occurred in Florida, Cmpl. ¶¶ 11-17. Consequently, the third factor weighs in favor of transfer. *See Tennaro-Messina*, 2024 WL 3064895, at *3 (finding same factor favors transfer where New Jersey resident plaintiff sued hotel operator defendant for negligence after slip and fall at their Florida location).

The fourth factor, convenience of the parties, is neutral. In evaluating this factor, courts "look to the relative physical and financial condition of the parties." *Goldstein v. MGM Grand Hotel & Casino*, No. 15-41273, 2015 WL 9918414, at *3 (internal citation omitted). Plaintiffs submit that litigating in Florida will take time away from running the car dealership owned by Mr. Montenero and from taking care of Mrs. Montenero's mother. Montenero Decl. ¶¶ 19-23. Although the Court is sensitive to these issues, they are not persuasive because litigation will be time consuming no matter where a trial is held. *See id.* at *3 ("Plaintiff's position regarding time commitment of litigating the case in Nevada deserves little consideration because no matter where trial is held, Plaintiff would likely have to devote time not only to attend trial, but also to attend

depositions and other case-related procedures."). Plaintiffs further argue that they rarely travel by air due to Mr. Montenero's injuries, and that transfer will require them to pay travel and hotel expenses for themselves and other witnesses. Montenero Decl. ¶¶ 26-28. However, because Plaintiffs do not represent that these inconveniences would preclude them from litigating in Florida, they do not favor transfer. *See Koeller*, 2023 WL 3250512, at *4 (finding factor neutral because although "it would be more convenient to litigate in their home state" plaintiffs provided "no specific inconvenience that would preclude them from litigating in [the transferee state]"); *Denmark*, 2019 WL 2353644, at *5 (finding factor neutral because plaintiffs "do not represent that they are financially incapable of incurring any potential cost increase or that they are physically incapable of travelling to [the transferee state]"). Thus, the fourth factor is neutral.

The fifth factor, convenience of the witnesses, weighs in favor of transfer. In evaluating this factor, the convenience of fact witnesses who will testify to liability has "traditionally weighed quite heavily" whereas the convenience of "expert witnesses or treating physicians" who will likely only testify to damages issues is "not particularly relevant." *Koeller*, 2023 WL 3250512, at *5; *see Goldstein*, 2015 WL 9918414, at *4 (finding location of physician witnesses in plaintiff's home state "is insufficient to tip the scale" when fact witnesses are located in transferee state). Defendant identifies three potential fact witnesses located in Florida, including the security officer who responded to Mr. Montenero's fall, the bartender who served him drinks, and the employee who investigated the incident. Castro Decl. ¶¶ 4-6, 8. Plaintiffs identify two potential non-party witnesses, both physicians, neither of which are located in Florida. Montenero Decl. ¶¶ 17-18. Because Defendant's proposed fact witnesses are more probative of liability issues than Plaintiffs' proposed physician witnesses, this factor favors transfer. *See Tennaro-Messina*, 2024 WL 3064895, at *4 (finding in slip and fall case that factor favors transfer to location of "the security

officer who responded to the fall and personnel responsible for maintaining the premises"); *Foster v. Marriott Resort Hospitality Corp.*, No. 17-12901, 2018 WL 3360763, at *2 (D.N.J. July 10, 2018) (finding in slip and fall case that factor favors transfer to the location of "[t]he medical responders, and Defendant's staff responsible for the upkeep of the walkway where the incident occurred").[4]

The sixth factor, the location of books and records, is neutral. Defendants identify two records relevant to Mr. Montenero's accident, an incident report and a bar tab, both of which are in Florida. Castro Decl. ¶ 3. However, because Defendants do not claim that these documents cannot be transferred to New Jersey, their location does not weigh in favor of transfer. *See Goldstein*, 2015 WL 9918414, at *4 ("I do not find this factor weighs in favor of, or against, transfer because with the advent of new technological advances, these documents or records can be easily moved electronically to different venues."); *Tennaro-Messina*, 2024 WL 3064895, at *4 (finding factor neutral despite presence of incident report in Florida because documents can be transferred electronically). Thus, this factor is neutral.

  b. Public Interest Factors

The Court next considers the public interest factors. These include:

> (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4)

---

[4] Plaintiffs argue that Defendant's declaration identifying potential witnesses and their out-of-state residence is insufficient to establish those witnesses' unavailability. Opp. at 14. However, Plaintiff's citation is to *Argro v. Marriott International, Inc.*, a case from another district. No.13-5507, 2014 WL 2572804 (E.D. Pa. June 6, 2014). Courts in this district routinely weigh the unavailability of witnesses based upon the identification of their name or position and their stated or implied residence in another state. *See, e.g., Denmark*, 2019 WL 2353644, at *5 (weighing factor and noting that defendant's employees are "potential witnesses [who] presumably reside in South Carolina and, therefore, are outside the subpoena power of this Court"); *Koeller*, 2023 WL 3250512, at *2.

the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Danka Funding, LLC v. Page, Scranton, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 474 (D.N.J. 1998) (quoting *Jumara*, 55 F.3d at 879-80). All but two factors weigh in favor of transfer.

The first factor, enforceability of the judgment, is neutral because neither party disputes that a judgment could be enforced in either New Jersey or Florida. *See Groeneveld v. Verb Tech. Co., Inc.*, No. 23-03766, 2024 WL 1253296, at 5 (D.N.J. Mar. 25, 2024) (finding factor is neutral because "[t]he parties do not dispute that a judgment would be equally enforceable" in either venue); *Koeller*, 2023 WL 3250512, at *6.

The second factor, practical considerations affecting trial, weighs in favor of transfer. As the condition of Defendant's allegedly defective walkway is central to this case, it may be appropriate for the jury to visit the accident site. Such a visit would be more easily facilitated by maintaining this action in the state where the walkway is located. *See Koeller*, 2023 WL 3250512, at *6 (finding in trip and fall case that factor favors transfer to state where accident occurred because "viewing the accident site may be appropriate . . . as the condition of the walkway . . . could be at issue in the case"); *Foster*, 2018 WL 3360763, at *3 (finding factor favors transfer because it "would make the jury inspection of the site of the incident easier"). [5] Thus, practical considerations favor transfer.

---

[5] Plaintiffs contend that a site visit would be prohibited, citing to the Model Civil Jury Instructions for the District Courts of the Third Circuit 1.3 and the New Jersey Model Civil Jury Charge 1.11C. Opp. at 13 n.5. However, as Plaintiffs themselves note, these instructions prohibit *independent* research or site visits by jury members. *Id.* Site visits overseen by the court, while unusual, are not prohibited. *See Flynn v. CSX Corp.*, No. 16-9115, 2019 WL 8953169 (D.N.J. April 8, 2019) (noting that "decision to allow a jury view [of an accident site] 'is entrusted to the sound discretion of the trial court'") (quoting *United States v. Triplett*, 195 F. 3d 990, 999 (8th Cir. 1999)).

The third factor, administrative difficulty resulting from court congestion, is neutral because either venue could competently adjudicate this matter.

The fourth factor, local interest, weighs in favor of transfer. This factor inquires as to "which of the two potential districts maintains a greater interest in the action." *Koeller*, 2023 WL 3250512, at *6. New Jersey has an interest in this case to protect its injured citizens. *See id.* at *6. However, this interest is outweighed by Florida's interests both to determine a local controversy and to ensure businesses operate safely within the state. *See id.* (finding transferee state's interest "to address local incidents of negligence and to discourage unsafe local conduct" outweighs transferor state's concern for its injured residents); *Goldstein*, 2015 WL 9918414, at *5 (finding transferee state "has a significant interest in not only ensuring businesses in the state operate in a safe manner, but it also has an interest in 'having a local controversy decided at home'") (quoting *Jumara*, 55 F.3d at 879-80); *see also Tennaro-Messina*, 2024 WL 3064895, at *4 ("[The transferee state] has a greater local interest in this case because the central events related to liability occurred there."). Thus, this factor favors transfer.

The fifth factor, public policies of the fora, likewise weighs in favor of transfer. In particular, jury duty should not be required of New Jersey citizens when the events giving rise to this case occurred in another state. *See Foster*, 2018 WL 3360763, at *3 ("[D]ue to the operative facts occurring in Florida, it would be improper for the burden of jury duty to be imposed on the citizens of New Jersey."); *Tennaro-Messina*, 2024 WL 3064895, at *4 (noting jury duty should be imposed on Florida residents "because the central events related to liability occurred there").

Finally, the sixth factor, familiarity with the applicable state law, weighs in favor of transfer. Because the underlying accident in this action occurred in Florida, that state's negligence law will likely apply. *See Skyers v. MGM Grand Hotel LLC*, No. 14-4631, 2015 WL 1497577, at

10

\*3 (D.N.J. Apr. 1, 2015) ("Nevada law will most likely apply to plaintiff's claims, as [plaintiff's] personal injury, and plaintiff's attendant claims, occurred in Nevada."); *Denmark*, 2019 WL 2353644, at \*6.  Although New Jersey federal courts could competently apply this law, Florida's federal courts are likely more familiar with it from their experience.  *See Foster*, 2018 WL 3360763, at \*3 ("[W]hile a district court sitting in diversity is able to interpret any state's law, a Florida court will be more familiar with Florida negligence."); *Lauria v. Mandalay Corp.*, No. 7-817, 2008 WL 3887608, at \*5 (D.N.J. Aug. 18, 2008) ("[T]he District of Nevada is likely more familiar with Nevada law.").  As such, this factor favors transfer.

After consideration of the relevant private and public interest factors, this Court finds that transfer to the Middle District of Florida is warranted.  The only factor weighing against transfer is Plaintiffs' forum choice.  As noted, this factor is given minimal weight because Plaintiffs' chosen forum is not where the accident occurred.  Meanwhile, all other factors are either neutral or weigh in favor of transfer.  Moreover, courts in this district routinely transfer slip and fall personal injury actions to the district in which the accident occurred.  *See, e.g.*, *Tennaro-Messina*, 2024 WL 3064895; *Foster*, 2018 WL 3360763; *Goldstein*, 2015 WL 9918414.  Thus, transfer here is warranted.

### IV.   CONCLUSION

For the reasons stated above, the Court finds that transfer to the Middle District of Florida is appropriate under 28 U.S.C. § 1404(a).

**Accordingly, IT IS,** on this 17th day of October, 2024,

**ORDERED** that the Defendant's motion to transfer (ECF No. 2) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall transfer this matter to the United States District Court for the Middle District of Florida; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
_____
**CLAIRE C. CECCHI, U.S.D.J.**